UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Raymond Derrick Baker,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 05-272 ADM/JSM

_____

Andrew R. Winter, Esq., and W. Anders Folk, Esq., Assistant United States Attorneys, Minneapolis, MN, for and on behalf of Plaintiff.

Nancy R. Vanderheider, Esq., Vanderheider Law Office, White Bear Lake, MN, for and on behalf of Defendant.

_____

## I. INTRODUCTION

On December 5-8, 2005, a jury trial was held before the undersigned United States District Judge in the above-captioned matter. Defendant Raymond Derrick Baker ("Defendant" or "Baker") was tried on one count of illegal possession of a firearm in violation of 18 U.S.C. §§ 922(g). By unanimous verdict, the jury found Baker guilty. Following the conclusion of the trial, Baker brought a Motion for New Trial [Docket No. 60]. Defendant also requests an evidentiary hearing. For the reasons set forth herein, Defendant's Motion is denied.

## II. BACKGROUND[1]

On July 26, 2005, Minneapolis Police Officers John Biederman ("Biederman") and Jomar Villamoor ("Villamoor") pulled over a black automobile. As the car pulled over, the

---

[1] The underlying facts will be fully amplified by the trial record. Only facts pertinent to the instant Motions will be discussed here. Because the trial testimony has not yet been transcribed, the Court is relying on its notes of the testimony.

driver jumped out of the vehicle and fled the scene.  At trial, both Biederman and Villamoor testified that they had an adequate, unobstructed opportunity to see the face of the individual fleeing the vehicle, and identified him as Baker.  While Villamoor chased Baker on foot, Biederman searched the vehicle, finding a .40 caliber Glock firearm; a baggie, which when later analyzed was found to contain crack cocaine; a cell phone containing a picture of Baker taken less than an hour earlier; another cell phone with the name "Bakes;" and finally, several pieces of mail addressed to Baker.  Given the name on the mail, Biederman retrieved a Minnesota DVS picture of Baker, whom he recognized as the driver of the vehicle.  Additionally, forensic testing identified a fingerprint on the baggie as Baker's.

At trial, Arnanzo Cork ("Cork") testified as a government witness.  He testified that prior to trial, Baker asked him to accept blame for the gun found in Baker's car.  Cork also stated he had not driven Baker's car on the day in question.  Finally, Cork testified that he was afraid to testify against Baker because he did not want to be thought of as a snitch, a reputation that could endanger him in his neighborhood upon his release from prison.

Baker called three witnesses, including James Dewayne Watley ("Watley"), Robert Buckney ("Buckney"), and Gary Neil Suddeth ("Suddeth").  All three witnesses essentially offered alibi testimony that Baker could not have been in the vehicle at the time it was pulled over.  Baker advanced the theory that it was Cork, not Baker, who was driving the vehicle at the time it was pulled over.

Baker now sets forth new evidence he contends entitles him to a new trial.  Two

affidavits have been filed by new witnesses, Michael Garrett ("Garrett") and Jabina Tate[2] ("Tate") [Docket No. 62]. Garrett's affidavit states that during Baker's trial, Cork told Garrett that he in fact possessed the gun at issue in Baker's case. Tate, the sister of Cork, alleges that Cork told her that it was he, not Baker, who fled Baker's vehicle on July 26, 2005. She also claims to have seen Baker being dropped off on the corner of Emerson Avenue and 36th Avenue during the time his car was being searched.

Baker has also submitted several reports from an investigator, Julie Davison ("Davison"), which summarize notes from several conversations Davison had with Tate, Albert Briscoe ("Briscoe"), James Nedeau ("Nedeau"), and Cork [Docket No. 65]. According to Davison, in addition to the information contained within Tate's affidavit, Tate told her that she witnessed a dispute between Cork and another individual regarding the ownership of the firearm found in Baker's car. Tate refused to include this information in her affidavit, however, because of fear of possible repercussions against her. Moreover, Davison's notes indicate that Cork told her that he had committed the crime for which Baker was charged. Davison's notes also state that Briscoe and Nedeau told her that on July 26, 2005, they witnessed Cork place a gun and suspected narcotics in Nedeau's mailbox for safekeeping. Finally, Baker's counsel alleges in affidavits that yet another witness, Jerry Carroll ("Carroll"), told his counsel that Cork admitted to him that he lied at Baker's trial.

In addition to the affidavits and Davison's reports, Baker's Supplemental Memorandum in Support of Motion for a New Trial [Docket No. 63] claims that Buckney will admit that Cork

---

[2] Tate also goes by the name Bianca Dupree. Although the affidavits occasionally refer to her as Bianca Dupree, for sake of consistency she will be referred to here only as Jabina Tate.

dictated Buckney's trial testimony.

## III. DISCUSSION

**A.  Standard of Review**

As a threshold matter, motions for new trials are generally disfavored. United States v. Jones, 34 F.3d 596, 600 (8th Cir. 1994). To demonstrate that a new trial is warranted based on newly discovered evidence, a defendant must: (1) show that the evidence was first discovered after trial; (2) that his failure to discover the evidence before trial was not due to his lack of diligence; (3) that the new evidence is material; (4) that it is more than cumulative or impeaching; and (5) that it is likely to produce an acquittal if a court grants a new trial. United States v. Swayze, 378 F.3d 834, 837 (8th Cir. 2004). A trial court is granted discretion in granting such a motion. Id.

Courts are not required to hold evidentiary hearings prior to deciding a motion for a new trial, but rather may decide the issue on the affidavits alone. United States v. Begnaud, 848 F.2d 111, 113 (8th Cir. 1988). Discretion to hold an evidentiary hearing remains with the Court. Id. Generally, evidentiary hearings are not held unless exceptional circumstances exist. United States v. Dogskin, 265 F.3d 682, 687 (8th Cir. 2001).

**B.  Motion for New Trial**

Baker's newly proffered evidence is insufficient to warrant a new trial. Each piece of evidence fails the test for a new trial based on newly discovered evidence. As a threshold matter, much of the evidence presented by Baker is in the form of reports or notes of conversations held between Davison and various witnesses, or is stated without authority in Baker's Supplemental Memorandum. This evidence is the result of unsworn interviews, and is

therefore of limited value. However, even if the evidence is considered, it is insufficient to meet the standard for a new trial.

First, much of the evidence offered could have been discovered with sufficient diligence prior to trial. Evidence that could have been communicated to defense counsel prior to trial can not later be considered newly considered evidence. United States v. Warren, 140 F.3d 742, 745 (8th Cir. 1998). For example, Tate's testimony relates to events that happened on July 26, 2005. Similarly, Briscoe and Nedeau's testimony also relates to events that happened on July 26, 2005. Finally, the allegation that Buckney observed Cork driving Baker's car on July 26, 2005, also can not be considered newly discovered. No evidence has been presented that any of these witnesses were not available to Defendant prior to or during trial; nor is there any indication that due diligence could not have uncovered this evidence. Thus, Baker's Motion must be denied as to this evidence.

More importantly, little of the evidence identified by Defendant can be considered material. Much of it is merely impeachment evidence, which is insufficient to warrant a new trial. Swayze, 378 F.3d at 837. The evidence of witnesses Garrett and Carroll is the only evidence that could not have been discovered prior to trial. However, the testimony of Garrett and Carroll serves only to impeach Cork's testimony. Additionally, courts are generally suspect of the motives of incarcerated witnesses who may be seeking to avoid being viewed as informants. United States v. Kienzle, 896 F.2d 326, 330 (8th Cir. 1990). Here, the conversations related by both Garrett and Carroll occurred in confinement. Similarly, Tate's testimony that she overheard Cork admit he was the individual who fled Baker's car is impeachment testimony. Tate's testimony regarding seeing Baker at Buckney's home on July

26, 2005 is also cumulative; it merely corroborates the trial testimony of Buckney. Last, the alleged statements of Cork and Buckney that they withheld evidence at trial is, again, impeachment testimony.

Finally, none of the evidence presented is likely to result in an acquittal. Even if all the evidence proffered by Baker were admitted at trial, it is unlikely that it could overcome the substantial weight of the evidence against Baker. This evidence includes the eyewitness identifications of Officers Biederman and Villamoor, the cellphone containing a picture of Baker taken less than an hour before he was pulled over, the cellphone containing Baker's nickname, the baggie of crack cocaine with Baker's fingerprint on it, multiple letters addressed to Baker, and testimony that Baker asked Cork to take the blame for the crime.

At trial, Baker had the opportunity to cross examine the government's witnesses and put on witnesses in his own defense. In fact, the trial was delayed overnight while Federal marshals located Buckney at the request of the Defendant. Appropriate precautions were taken to ensure that Baker was accorded a fair and impartial trial. However, because much of Baker's proffered testimony could have been discovered prior to trial, much of it is cumulative or immaterial, and because none of it leads to the conclusion that Baker likely would have been acquitted had it been presented at trial, Baker's Motion for New Trial is denied.

**C.     Evidentiary Hearing**

The circumstances of the instant case do not require an evidentiary hearing. The newly discovered evidence is well described by affidavit. Additionally, the Court is very familiar with the facts of the case, having had the opportunity to view the witnesses and evidence at trial. Moreover, no compelling circumstances exist that militate in favor an evidentiary hearing.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion New Trial [Docket No. 60] is **DENIED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 13, 2006.