UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raymond Derrick Baker,

    Petitioner,        **MEMORANDUM OPINION
                     AND ORDER**
 v.               Criminal No. 05-272 ADM/JSM
                     Civil No. 08-574 ADM

United States of America,

    Respondent.
_____

Raymond Derrick Baker, *pro se*.

Andrew R. Winter, Esq., Assistant United States Attorney, for Respondent.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Raymond Derrick Baker's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence [Docket No. 94]. For the reasons set forth below, Petitioner's Motion is denied.

## II. BACKGROUND[1]

On December 8, 2005, a jury found Petitioner guilty of being a felon in possession of a firearm. Jury Verdict [Docket No. 55]. Petitioner subsequently filed a Motion for New Trial [Docket No. 60]. In his Motion, Petitioner requested a new trial or, in the alternative, "an evidentiary hearing to show that reasonable grounds exist for the verdict to be vacated and a new trial granted." Id. This Court denied Petitioner's Motion and he appealed to the Eighth Circuit. Petitioner asserted newly discovered evidence entitled him to a new trial. United States v.

---

[1] The facts of this case are set forth in United States v. Baker, 479 F.3d 574 (8th Cir. 2007).

Baker, 479 F.3d 574 (8th Cir. 2007). Petitioner asserted that this Court erred by denying his Motion and abused its discretion by denying his request for an evidentiary hearing. Id. at 579. The Eighth Circuit rejected Petitioner's arguments. Id. at 578-79.

### III. DISCUSSION

Petitioner now seeks relief under 28 U.S.C. § 2255. Petitioner contends he received ineffective assistance of trial counsel and this Court's application of a four-point sentencing enhancement violated his constitutional rights.

**A.     Ineffective Assistance of Counsel**

Petitioner asserts his claim of ineffective assistance of counsel based on arguments that his attorney: (1) failed to interview and subpoena Bianca Dupree ("Dupree"), who he believed would corroborate his alibi defense; (2) failed to review police reports and thoroughly investigate whether Petitioner actually possessed a firearm; (3) failed to breakdown the traffic stop and subpoena video taken from the dash-cams of the squad car at the scene; (4) failed to impeach Arnanza Cork ("Cork"); and (5) failed to object to the Court's application of the four-point sentencing enhancement.

To succeed in his claim of ineffective assistance of counsel in violation of the Sixth Amendment, Petitioner must establish both deficient representation and actual prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002). This standard presents a "heavy burden," requiring Petitioner to prove that his counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibited under similar circumstances." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Prejudice is shown when there exists a "reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is one sufficient to undermine confidence in the outcome." McCauley-Bey v. Delo, 97 F.3d 1104, 1105 (8th Cir. 1996). The Court considers the totality of the evidence to determine whether prejudice exists. Id. Judicial scrutiny of counsel's performance is highly deferential and the defendant must overcome the presumption that the challenged action of counsel may be construed as "sound trial strategy." Strickland, 466 U.S. at 689 (citing Michael v. Louisiana, 350 U.S. 91, 101 (1955)).

With regard to counsel's alleged error for failing to interview Dupree or call her to testify, Petitioner has failed to show that counsel's decision prejudiced Petitioner's defense. Petitioner asserts that he instructed his counsel to interview several witnesses to testify in support of his alibi defense. He admits his counsel did interview witnesses. Petitioner asserts, however, that counsel erred by failing to interview and call Dupree stating that Dupree "could have explained all relevant facts in detail as to what actually occurred." Pet'r Mem. in Supp. of Mot. to Vacate [Docket No. 94] at 6. Petitioner fails to explain how Dupree's testimony would have differed from the testimony offered by the other witnesses called in his defense and has presented no evidence that failing to call Dupree resulted in prejudice. Further, Petitioner explains that his counsel stated that she would call Dupree if she believed it necessary but that she believed she could successfully defend Petitioner without Dupree's testimony. Petitioner has offered nothing to overcome the presumption that counsel's decision was sound trial strategy. Accordingly, Petitioner has failed to demonstrate that his counsel's decision not to interview and call Dupree constitutes ineffective assistance.

Petitioner next contends his counsel was ineffective because she failed to review police reports and thoroughly investigate whether Petitioner actually possessed a firearm and failed to breakdown the traffic stop and subpoena video taken from the dash-cam of the squad car at the scene. A review of the trial transcript clearly reflects counsel was familiar with the investigative file. The docket includes discovery motions by Petitioner's counsel indicating her investigation of and preparation for Petitioner's case. If Petitioner is arguing that his counsel was ineffective for pursuing an alibi defense versus arguing that he was at the scene but not in possession of the firearm, Petitioner has failed to offer any explanation or support for the assertion that a different defense strategy would have resulted in a different outcome. The totality of the evidence against Petitioner included the testimony of the officers that they witnessed Petitioner fleeing from the car from which they recovered the handgun, a baggie of cocaine with Petitioner's fingerprints, and Petitioner's cell phones (one of which displayed his nickname). The strength of the prosecutions's case makes difficult any argument that Petitioner was not in possession of the firearm.

Finally, Petitioner contends that his counsel was ineffective because she failed to utilize "any of the prior statements given by Arnanza Cork." Pet'r Mem. in Supp. of Mot. to Vacate at 8. Petitioner's vague assertion that Cork made contradictory statements at trial without identifying any specific statements is insufficient to demonstrate prejudice.

Finally, Petitioner asserts that his counsel was ineffective because she failed to object to the Court's application of a four-point sentencing enhancement. Under U.S. Sentencing Guidelines § 2K2.1(b)(6), the Court may increase the defendant's offense level by four points "[i]f the defendant used or possessed any firearm or ammunition in connection with another

felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." There was ample evidence to support application of the § 2K2.1(b)(6) enhancement: the officer's testimony regarding the discovery of the baggie of crack cocaine in the vehicle and the testimony by the City of Minneapolis investigators that Petitioner's fingerprints were on the baggie and that the baggie contained cocaine. Accordingly, the Court cannot find that counsel's decision not to object to its application was unreasonable. Petitioner cannot demonstrate that counsel's decision not to object resulted in prejudice.

Because Petitioner has failed to overcome the presumption that his counsel's trial strategy was sound and because Petitioner has failed to demonstrate that he suffered prejudice as a result of his counsel's actions, he has failed to demonstrate ineffective assistance of counsel and his claim for relief on this ground is denied.

**B.    Sentencing Enhancement**

Petitioner contends that the Court's application of the § 2K1.2(b)(6) enhancement violated his constitutional rights. Petitioner is barred from raising this issue in this § 2255 motion because he could have raised it on direct appeal and has not shown cause and prejudice to excuse his procedural default. See Ford v. United States, 983 F.2d 897, 898-99 (8th Cir. 1993). In his Motion, Petitioner gave the following explanation for failing to challenge the application of the sentencing enhancement: "My Attorney at the time was fully responsible for my appeal, and stated at the time she knew [what] she was doing." Motion at 6.

Although it appears from Petitioners statements that he holds his appellate counsel responsible for not challenging the sentencing enhancement on direct appeal, he does not

contend that his appellate counsel was ineffective and there is nothing in his Motion demonstrating that his appellate counsel's performance was deficient or prejudicial. Accordingly, Petitioner has failed to show cause or prejudice to excuse his procedural default. Because the Court finds that Petitioner is procedurally barred from challenging the sentencing enhancement in his § 2255 Motion, the Court denies Petitioner's Motion.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 28, 2008.